tiihief Justice Roef.rtson
delivered the Oninion of the Court.
The defendant in error, as administrator of Bradford, who had been sheriff of Bracken county, obtained a judgment, upon motion in the county court of said county, against the plaintiffs, as the sureties of Reed, who bad been Bradford’s deputy, for $64 6 cents, as “the balance due Martin Marshall,” upon sums levied for him in 1825-6.
That judgment must be reversed, for two reasons.
1st. The proof was insufficient. There was no proof that a levy was laid for 1825 or 1826, or that the clerk had delivered to Reed a list of the persons chargeable therewith. It does not appear that Reed collected, or undertook, or was hound to collect, the levy for either of those years; consequently, the liability of the plaintiffs was not shown.
2nd. The county court had no jurisdiction. The 21st section of an act of 1799, II Dig. 1140, authorizes a sheriff to move, in the quarter session court, .against his deputy and Ijjs. sureties, for a failure to. *624 collect, or pay, or account for "taxes” collected by hitn, or which he was bound to collect.
County’ court has .10 jurisdiction 01 n motion made by a sb-rifF against his depu'y, or the sureties of his deputy, for a failure to collect, or pay, or account for county levy. But county court has jurisdiction of a motion runde by a collector of the county levy, (who has been appointed by itself i) ¡igainsi his deputy and the suieties uf his deputy, for a failure to collect or account for county iovy.
Crittenden, for plaintiffs.
The 4th section of an act of 1797, II Dig. 854, authorizes the county courts to appoint "collectors” of the county levy, and authorizes motions against them in the county courts; and the 5th section of the same act authorizes "each collector, appointed as aforesaid,” to move against his deputy collector, and Iris sureties, in the county court, for any delinquency by the deputy, in failing to collect or account for the levy which it may have been his duty to e_ollect and account for.
The act of 1797 applies only to “collectors” appointed by the county courts. It does not embrace sheriffs who are ex officio collectors of the levy, when "collectors” shall not have been appointed.
The subsequent act of 1799, provided a remedy for sheriffs, against their deputies, by motion in the courts of Quarter Sessions, whose jurisdiction has been transferred to the c ircuit courts. For "taxes,” according to a reasonable interpretation, should be deemed to include "levies.”
Wherefore, as we know of no statute authorizing such a motion as this, by a sheriff against his deputy or his sureties, in a county court, we conclude that the county court of Bracken had no jurisdiction in this case.
Judgment reversed, with costs.